**BROADWOOD INVESTMENT FUND LLC, by and through BROADWOOD Investment Holdings LP, its Tax Matters Partner; Dragon Coeur LLC I–B; Mosman Investment Fund LLC; Han Kook LLC I; Han Kook LLC 1A, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 13–55626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2015.

Filed Aug. 3, 2015.

Lee Casey, Joseph Chairez, Lauren A. Deeb, Esquire, Andrew M. Grossman, Jeffrey Henry Paravano, Esquire, David Boris Rivkin, Esquire, Baker Hostetler, L.L.P., Washington, DC, Costa Mesa, CA, for Plaintiffs–Appellants.

Judith Ann Hagley, Esquire, John A. Lindquist, Karen L. Pound, Trial, Joseph A. Sergi, Esquire, Tamara W. Ashford, Deputy Assistant Attorney General, Richard Farber, Esquire, Supervisory, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, U.S. Department

of Justice, Washington, DC, Andrew Thomas Pribe, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

MEMORANDUM *

Broadwood Investment Fund LLC, Dragon Coeur LLC I–B, Mosman Investment Fund LLC, Han Kook LLC I, and Han Kook LLC I–A ("Petitioners") challenged the Internal Revenue Service's disallowance of tax losses they reported. The district court granted summary judgment in favor of the government, holding that Petitioners were sham partnerships formed for the purpose of creating tax losses for Henry Nicholas, who was one of the partners in each of the Petitioner entities. We reverse and remand for further proceedings.

"In a case ... in which the Commissioner has made a deficiency determination, the taxpayer has the burden of producing enough evidence to rebut the deficiency determination and the burden of persuasion in substantiating a claimed deduction." *Goldberg v. United States*, 789 F.2d 1341, 1343 (9th Cir.1986).

A partnership may be disregarded for federal tax purposes when it is determined that the partners did not "really and truly intend[ ] to join together for the purpose of carrying on [a] business and sharing in the profits or losses or both." *Comm'r v. Cul-*

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

*bertson,* 337 U.S. 733, 741, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949). That is, the question is whether

> considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise.

*Id.* at 742, 69 S.Ct. 1210. The partners' intent is "a question of fact, to be determined from testimony disclosed by their agreement, considered as a whole, and by their conduct in execution of its provisions." *Id.* at 741–42, 69 S.Ct. 1210.

The district court erred in granting summary judgment in favor of the government. Petitioners have presented sufficient evidence to raise a genuine issue of material fact as to the partners' intent. In particular, Petitioners presented evidence that some of the investment materials projected that the partnerships could be profitable, and that the partners performed due diligence on the assets before acquiring them. Petitioners also presented evidence of efforts made to collect on the debts owned by the partnerships. And there is no dispute that the partnerships allocated distributions, profits, and losses to partners *pro rata.* The government also presented substantial evidence in support of its determination that the partnerships were shams, and we express no opinion on how this issue ultimately should be resolved on the merits. But the genuine factual dispute as to the partners' intent precludes summary judgment on the issue.

The district court's reliance on the Welcome Letter was misplaced. The letter merely stated that Nicholas was allowed to change the initial allocation of each Petitioner's investment during a three-week window. The letter does not disclaim Nicholas' intent to act with a purpose of sharing profits and losses. Although the government argued that Nicholas suffered no risk of loss in the district court, it abandoned that position on appeal.

Accordingly, we **REVERSE** the district court's grant of summary in favor of the government and **REMAND** for further proceedings.